UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No. ______________________

EMMA PAZ, and other similarly situated individuals,

Plaintiff(s),

v.

SALSAS OF TITUSVILLE CORPORATION d/b/a SALSAS COCINA TITUSVILLE a/k/a Salsas Mexican Restaurant and JESUS VALENCIA,

Defendants.

**COMPLAINT**
**(OPT-IN PURSUANT TO 29 U.S.C § 216(B))**

Plaintiffs, EMMA PAZ ("Plaintiff") and other similarly situated individuals, sue the Defendants, SALSAS OF TITUSVILLE CORPORATION d/b/a SALSAS COCINA TITUSVILLE a/k/a Salsas Mexican Restaurant and JESUS VALENCIA (collectively the "Defendants"), and allege:

**JURISDICTION AND VENUE**

1. This is an action to recover money damages for unpaid wages and retaliatory discharge under the laws of the United States.

2. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

3. Plaintiff is a resident of Brevard County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

4. SALSAS OF TITUSVILLE CORPORATION d/b/a SALSAS COCINA TITUSVILLE a/k/a Salsas Mexican Restaurant (individually the "Corporate Defendant") and JESUS VALENCIA (individually the "Individual Defendant"), are a Florida Profit Corporation and a Florida resident, respectively, having their main place of business in Brevard County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce. The Individual Defendant, upon information and belief, resides in St. Johns County, Florida.

**COUNT I: WAGE AND HOUR VIOLATION**
**BY THE CORPORATE DEFENDANT**

5. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-4 above as if set out in full herein.

6. This action is brought by Plaintiff and those similarly situated to recover from the Corporate Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

7. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendant is and, at all times pertinent to this Complaint, was

engaged in interstate commerce. At all times pertinent to this Complaint, the Corporate Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

8. Upon information and belief, the annual gross revenue of the Corporate Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

9. By reason of the foregoing, the Corporate Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated were and/or are engaged in interstate commerce for the Corporate Defendant. The Corporate Defendant's business activities involve those to which the Act applies. The Corporate Defendant is a Mexican restaurant, part of a chain of restaurants throughout Florida, and, through its business activity, affects interstate commerce. The Plaintiff's work for the Corporate Defendant likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendant as a server for the Corporate Defendant's business.

10. Under Section 203(m) of the FLSA, an employer may use a portion of its tipped employees' earned tips (not to exceed $3.02 per hour) to meet its minimum wage obligations ("tip

credit") if: (1) it provides its tipped employees with notice of the tip credit provisions; and (2) tipped employees are permitted to retain all tips they receive with the exception of a valid tip pool among employees who customarily and regularly receive tips. *See* 29 U.S.C. § 203(m). If an employer fails to meet either requirement, the employer may not use the tip credit and must directly pay its employees the full minimum wage for all hours worked

11. Subject to discovery, Plaintiff worked for the Corporate Defendant from on or about May 30, 2020 until June of 2021 (the "First Period") and then from December of 2021 through her wrongful termination on March 26, 2022 (the "Second Period").

12. During the First Period, Plaintiff worked for the Corporate Defendant an average of 5-7 days per week, 10-12 hours per day and was paid approximately $5.54 per hour. In other words, subject to discovery, Plaintiff worked on average, approximately 70 hours per week during the First Period.

13. During the Second Period, Plaintiff worked for the Corporate Defendant an average of 5 days per week, 9-10 hours per day and was paid approximately $6.98 per hour. In other words, subject to discovery, Plaintiff worked on average, approximately 50 hours per week during the Second Period.

14. However, Corporate Defendant never compensated Plaintiff at the rate of not less than one- and one-half times the regular rate at which she was employed.

15. Plaintiff was employed by Corporate Defendant as a server performing the same or similar duties as that of those other similarly situated server(s) whom Plaintiff observed working in excess of 40 hours per week without overtime compensation.

16. In total, Plaintiff worked approximately 73 compensable weeks under the Act, or 73 compensable weeks if we count 3 years preceding the date of the filing of the instant action.

17. However, the Corporate Defendant did not properly compensate Plaintiff for hours that Plaintiff worked in excess of 40 per week.

18. Plaintiff seeks to recover unpaid wages accumulated from the date of hire and/or from 3 (three) years preceding the date of the filing of this Complaint.

19. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

**FIRST PERIOD**

a. **Actual Damages:** $16,897.50

i. Calculation for May 30, 2020 – December 31, 2020: $8.56 (minimum wage rate) x 1.5 (overtime rate) – $3.02 (tip credit) x 30 (weekly overtime hours) x 31 (approximate compensable weeks) = $9,132.60

ii. Calculation for January 1, 2021 – June 30, 2021: $8.65 (minimum wage rate) x 1.5 (overtime rate) – $3.02 (tip credit) x 30 (weekly overtime hours) x 26 (approximate compensable weeks)= $7,764.90

b. **Liquidated Damages:** $16,897.50

c. **Total Damages: $33,795.00** plus reasonable attorneys' fees and costs of suit.

**SECOND PERIOD**

a. **Actual Damages:** $1,916.80

i. Calculation for December 1, 2021 – March 26, 2022: $10.00 (minimum wage rate) x 1.5 (overtime rate) – $3.02 (tip credit) x 10 (weekly overtime hours) x 16 (approximate compensable weeks)= $5,750.40

b. **Liquidated Damages:** $1,916.80

c. **Total Damages: $3,833.60** plus reasonable attorneys' fees and costs of suit.

20. At all times material hereto, the Corporate Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Corporate Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendant who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendant and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

21. The Corporate Defendant knew and/or showed reckless disregard for the provisions of the Act concerning the payment of overtime wages and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employees' employment with the Corporate Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages. The Corporate Defendant never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

22. The Corporate Defendant willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above.

23. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly situated and against the Corporate Defendant on the basis of the Corporate Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

**JURY DEMAND**

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

**COUNT II: WAGE AND HOUR VIOLATION BY JESUS VALENCIA**

24. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 above as if set out in full herein.

25. At the times mentioned, the Individual Defendant was, and is now, the Owner and/or Officer and/or President of the Corporate Defendant. The Individual Defendant was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act

[29 U.S.C. § 203(d)], in that this defendant acted directly or indirectly in the interests of the Corporate Defendant in relation to the employees of the Corporate Defendant, including Plaintiff and others similarly situated. The Individual Defendant had operational control of the Corporate Defendant, was involved in the day-to-day functions of the Corporate Defendant, provided Plaintiff with her work schedule, and is jointly liable for Plaintiff's damages.

26. The Individual Defendant is and was, at all times relevant, a person in control of the Corporate Defendant's financial affairs and can cause the Corporate Defendant to compensate (or not to compensate) its employees in accordance with the Act.

27. The Individual Defendant willfully and intentionally caused Plaintiff not to receive overtime compensation as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above.

28. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly situated and against the Individual Defendant on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

**JURY DEMAND**

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

**COUNT III: WRONGFUL DISCHARGE IN VIOLATION OF 29 U.S.C. 215 (a)(3) AGAINST THE CORPORATE DEFENDANT**

29. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 28 above as if set out in full herein.

30. Plaintiff brings this count is against the Corporate Defendant pursuant to the FLSA.

31. The Defendants willfully and intentionally refused to pay Plaintiff her legally owed overtime wages as required by the laws of the United States and remain owing Plaintiff these wages as set forth above.

32. On or about March 26, 2022, Plaintiff complained about her unpaid overtime wages to Defendants. In response, the Corporate Defendant terminated Plaintiff's employment on or about March 26, 2022.

33. 29 U.S.C. § 215(a)(3) provides that it shall be unlawful for any person "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

34. The motivating factor, which caused Plaintiff's discharge as described above, was her complaint seeking the payment of overtime wages from the Defendants. In other words, Plaintiff would not have been fired but for her complaint about unpaid overtime wages.

35. Corporate Defendant's termination of Plaintiff was in direct violation of 29 U.S.C. § 215(a)(3) and, as a direct result, Plaintiff has been damaged.

36. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Enter a judgment against the Corporate Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorneys' fees, costs, and;

B. Reinstatement and promotion and injunctive relief prohibiting the Corporate Defendant from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages, as well as other damages recoverable by law pursuant to the FLSA.

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable as of right.

Dated: May 3, 2022.

Respectfully submitted,

By: /s/ Aron Smukler
Aron Smukler, Esquire
Fla. Bar No.: 297779
Email: asmukler@saenzanderson.com

R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131




www.saenzanderson.com

Facsimile: (888) 270-5549
*Counsel for Plaintiff(s)*