UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
Case No. 6:22-cv-00834-RBD-LHP

EMMA PAZ, and other similarly situated individuals,

        Plaintiff(s),

v.

SALSAS OF TITUSVILLE CORPORATION d/b/a SALSAS COCINA TITUSVILLE a/k/a Salsas Mexican Restaurant and JESUS VALENCIA,

        Defendants.

## PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND FOR ATTORNEY FEES AND COSTS

The Plaintiff, EMMA PAZ ("Plaintiff"), by and through her undersigned counsel hereby files this Motion to Enforce Settlement Agreement and for Attorney's Fees and Costs against Salsas's of Titusville d/b/a Salsas Cocina Titusville a/k/a Salsas Mexican Restaurant and Jesus Valencia (the "Corporate Defendant" or "Salsas"), and in support hereby states:

1. This is an action brough under the Fair Labor Standards Act ("FLSA") for violations of overtime compensation under 29 U.S.C. § 201-219.

2. Pursuant to this Court's order the parties participated in extensive negotiation and mediation throughout the litigation of the case.

3. On February 16, 2022, Plaintiff accepted Defendants' settlement proposal via email memorializing the terms discussed by the parties counsel. A copy of the email is attached hereto as Exhibit "A". (the "Settlement Email").

4. The Settlement Email contained all the monetary and non-monetary terms of the parties' settlement terms including settlement amount, time for payment and other terms and conditions that the parties had been negotiating for days. As a matter of fact the Settlement Email memorialized the parties complete terms agreed upon in their negotiations.

5. However, after the Plaintiff sent the Settlement Email, on February 17, 2023, former counsel for Defendants contacted Plaintiff's counsel to say that he would be withdrawing and that Defendants did not agree that there had been a settlement.

6. On February 21, 2023, new counsel for Defendants appeared. Plaintiff's counsel immediately sent the Settlement Email to new Defendants' counsel and he stated that Defendants had not agreed to the settlement conveyed by their former counsel.

7. A few weeks later, Plaintiff's counsel took Defendants deposition and they maintained that they had not authorized the settlement agreed to by Plaintiff in the Settlement Email.

8. Plaintiff then continued to litigate the case and filed a Motion for Partial Summary Judgement as to the Corporate Defendant, which this Court granted. See D.E # 50.

9. On July 31, 2023, the parties' counsel met in person in compliance with the Court's Case Management and Scheduling Order dated November 1, 2022 (D.E # 27).

10. During the in person meeting, and to Plaintiff's surprise, Defendants' new counsel for the first time stated that he had reviewed the Settlement Email and the facts surrounding the settlement and that in compliance with the candor to the Court he could not say that an agreement had not been reached by the parties.

11. The parties counsel then engaged in further settlement negotiations but Defendants' new counsel continued to maintain that a previous settlement was reached. However, no compliance from Defendant has been obtained with regards to the settlement.

12. Without any forthcoming compliance with the settlement reached, Plaintiff and Defendants counsel prepared and filed the Joint Pre Trial Stipulation.[1] Plaintiff's counsel stated in said stipulation that Plaintiff would be filing this Motion.

---

[1] Plaintiff's counsel took the lead in drafting the Pre Trial Stipulation, Jury Instructions, Exhibit and Witness Lists and Verdict Form for Defendants' counsel review and additions. In total

13. Plaintiff has spent hours litigating the case, preparing for trial and has expended additional money in expenses that could have been avoided if Defendants would have not initially reneged on the settlement with the excuse that the settlement had not been authorized by the Defendants.

14. Plaintiff seeks additional fees and costs associated with the litigation of this action after the settlement was reached.

## MEMORANDUM OF LAW

> "A district court has jurisdiction to enforce settlement agreements when one party refuses to abide by the agreement . . . ." *Le Bon Pain, Inc. v. Guyon & Co.,* 720 F. Supp. 983, 984–85 (S.D. Fla. 1989); *accord Ford v. Citizens & S. Nat. Bank, Cartersville*, 928 F.2d 1118, 1121 (11th Cir. 1991) (discussing a district court's inherent power to enforce settlement agreements). Settlement agreements are highly favored. *See Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1487 (11th Cir. 1994) ("We favor and encourage settlements in order to conserve judicial resources. We cannot allow a litigant to attack the integrity of the settlement process by attempting to recharacterize the focus of his litigation after he decides he is unhappy with the settlement."). State law governs both "the construction of [a] settlement agreement and the attorney's authority to enter into that agreement on behalf of his client." *Ford*, 928 F.2d at 1120. The burden of showing that an opposing party assented to the terms of an agreement rests with the party seeking its enforcement. *See Long Term Mgmt., Inc. v. Univ. Nursing Ctr., Inc.*, 704 So.2d 669, 673 (Fla. 1st DCA 1997) (noting that the party

---

Plaintiff's counsel spent more than 8 hours drafting and conferring with Defendants' counsel on the preparation of these documents and discussing the upcoming trial.

>  seeking to enforce a settlement agreement has the burden of establishing "a meeting of the minds or mutual reciprocal assent to a certain and definite position" and such a finding "must be supported by competent substantial evidence"). To determine whether an enforceable contract exists, courts look to traditional notions of offer and acceptance and to basic contract law. *Robbie v. Miami*, 469 So.2d 1384, 1385 (Fla. 1985). Florida applies an "objective test" to determine whether a contract or a settlement may be duly enforced. *Id*. "A contract is formed when the parties express their mutual assent to the essential terms." *Enriquez v. Williams*, 2010 WL 3608462 (M.D. Fla. Aug. 20, 2010).

Orellana v. El Balbon De Las Ams. V, Inc., No. 20-80462, 2020 U.S. Dist. LEXIS 124258, at *5-6 (S.D. Fla. July 14, 2020).

Since a settlement agreement is contractual in nature it is therefore interpreted and governed by contract law. See Muñoz Hnos, S.A. v. Editorial Televisa Int'l, S.A., 121 So. 3d 100, 103 (Fla. 3d DCA 2013).

In Florida the test to determine whether a contract may be enforced is the objective test. "A contract is formed when the parties express their mutual assent to the essential terms." Enriquez v. Williams, No. 2:05-cv-238-FtM-36DNF, 2010 U.S. Dist. LEXIS 94290, at *6-7 (M.D. Fla. Aug. 19, 2010) (citing *State v. Family Bank of Hallandale*, 623 So. 2d 474, 479 (Fla. 1993)). The definition of "essential term" may vary according to the nature and complexity of each transaction and is evaluated on a case-by-case basis. Id. at *6.

Courts have uniformly held that the execution of the settlement documents is not not a condition precedent to the settlement agreement, but rather a mere procedural formality and not necessary to enforce a settlement. Williams v. P.F. Chang's China Bistro, Inc., No. 16-cv-60906-BLOOM/Valle, 2016 U.S. Dist. LEXIS 108417, at *15-16 (S.D. Fla. Aug. 16, 2016) citing Boyko v. Ilardi, 613 So. 2d 103, 104 (Fla. 3d DCA 1993).

If the parties have assented to all the essential terms of the agreement, the settlement will be enforced. Albert v. American Family Ins. Co., 739 Fed. App'x 607, 609-610 (11th Cir. 2018) (affirming an order enforcing a settlement for a full general release based on email correspondence).

Here the Settlement Email is cleat as to all the terms which constitute the essential terms of the agreement: the settlement amount, payment, even non-monetary terms related to releases, confidentiality and carved out portion on the settlement agreement were discussed and specifically described in the Settlement Email which confirmed all the parties agreement with these terms. See Exhibit "A".

It is clear that Defendants in bad faith have made the Plaintiff continue to litigate the case and expend additional attorney's fees and costs related to the litigation of the case almost up to trial when Defendants' new counsel brought up that a settlement agreement had been reached. For those reasons, Plaintiff should be compensated for the additional attorney's fees and costs expended since February

16, 2023 to the date of this Motion and any and all additional fees and costs that Plaintiff must incur in preparing for trial or until the time the Court rules on this Motion.[2] To date these additional attorneys' fees and costs are $16,344.36 ($13,647.25 in attorney's fees and $2,697.11 in costs). A copy of the billing records after February 16, 2023 to date are attached hereto as Exhibit "B".

In the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id*.; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). The settlement in the instant action must be approved pursuant to <u>Lynn's Food Store, Inc. v. United States</u>, 679 F.2d 1350, 1353, (11th Cir. 1982).

The Settlement Email includes every term and condition of the Parties' settlement. The instant action involves disputed issues regarding the Plaintiff's claimed unpaid wages and damages potentially available to Plaintiff. The Plaintiff stipulated that the settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiff and Defendants discussed

---

[2] Plaintiff's counsel must now prepare for and attend the in person Pre Trial Conference.

(extensively) the Plaintiff's alleged hours worked, overtime paid, unpaid wages, pay rate, the applicability of defenses, calculation of damages and formulated their own proposed settlement figures. The Parties then engaged in detailed and extensive settlement discussions, based upon their independent calculations. Contemporaneously, the Parties engaged in discovery and motion practice to narrow the issues. The Parties then voluntarily agreed to the terms of their settlement at the conclusion of their negotiations, although now Defendants content that no agreement was reached.

Given the Parties' respective positions on the issue of willful violation by the Defendants and proving retaliation, the Plaintiff agrees that she would incur great expense litigating these issues and therefore also agrees that the settlement is a fair compromise of her damages based on her calculation of unpaid overtime. However, Plaintiff seeks her additional attorney's fees and costs in litigating the case. Plaintiff in good faith entered into the. Plaintiff was then forced to continue litigating when in bad faith Defendants reneged on their agreement in February 2023 and only bring it up right before trial.

The attorney's fees and costs in the settlement were negotiated separately from Plaintiff's recovery in the settlement reached. See copy of Billing Records for attorney's fees up to the settlement attached hereto as Exhibit "C". However, additional fees and costs have been incurred since Defendants denied a settlement

existed and her recovery should be adjusted accordingly. Plaintiff further states that there was no undue influence, overreaching, collusion or intimidation in reaching the settlement agreement.

WHEREFORE, Plaintiff requests that this Court enforces the parties settlement, and grants Plaintiff the additional attorney's fees and costs expended in litigating the case and enforcing the settlement reached by the parties since February 16, 2023 to date, and approve the settlement as fair and reasonable.

Dated: August 14, 2023.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 3.01(g) Plaintiff hereby certifies that counsel for the movant has conferred via email and phone with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues, and that counsel for the Defendants stated that Trial Counsel for the Defendant agrees the parties appear to have reached a settlement; however, as stated, his client expressly disagrees a settlement was ever reached despite the settlement offer by the former attorney for the Defendant, Robert E. Blanchfield, Esquire. The Defendant would oppose any award of attorney's fees and costs related to the motion.

Dated this 15th day of August, 2023.

Respectfully submitted,

**/s/ Julisse Jimenez**
Julisse Jimenez (FBN: 65387)
E-mail: julisse@legalopinionusa.com
THE SAENZ LAW FIRM
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 482-1475
*Counsel for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: **/s/ Julisse Jimenez**

## **SERVICE LIST**

Julisse Jimenez, Esq.
E-mail: julisse@legalopinionusa.com
Martin Saenz, Esq.
Email: martin@legalopinionusa.com
THE SAENZ LAW FIRM
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 482-1475
*Counsel for Plaintiff*

JASON L. HARR
E-mails:jasonharr@harrlawfirm.com
lynnwilkins@harrlawfirm.com
miriamjuarez@harrlawfirm.com
THE HARR LAW FIRM
The Harr Professional Center
517 South Ridgewood Avenue
Daytona Beach, Florida 32114
Telephone: (386) 226-4866
Facsimile: (386) 226-4886
*Counsel for Defendants*