UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
Case No. 6:22-cv-00834-RBD-LHP

EMMA PAZ, and other similarly situated individuals,

        Plaintiff(s),

v.

SALSAS OF TITUSVILLE CORPORATION d/b/a SALSAS COCINA TITUSVILLE a/k/a Salsas Mexican Restaurant and JESUS VALENCIA,

        Defendants.

## RESPONSE TO ORDER TO SHOW CAUSE

Defendants SALSAS OF TITUSVILLE CORPORATION d/b/a SALSAS COCINA TITUSVILLE a/k/a Salsas Mexican Restaurant ("Salsas") and JESUS VALENCIA by and through Undersigned counsel hereby file this Response to an Order to Show Cause (Dkt. 114) and without violating the attorney client privilege states as follows:

In the weeks leading up to the hearing on January 17, 2024, undersigned emailed, texted and spoke with Blanca Valencia, an owner of defendant restaurant about retaining additional counsel because undersigned would be a witness regarding the alleged settlement in February of 2023. Undersigned is not certain Ms. Valencia completely understood the need for new counsel, but given the numerous communications on the issue, undersigned

believed he could not explain in any other way. This was likewise true of the need for an interpreter.

During and following the hearing, undersigned began to understand that Ms. Valencia possibly did not specifically recall what had taken place eleven months early and may have thought that the hearing was an opportunity to try to settle the case. Since September, undersigned and Ms. Valencia have had numerous discussions on this issue and undersigned has been under the impression the owners considered the case NOT to have settled in February. However if at the hearing, the Valencias were ready to move beyond the date of settlement (i.e. conceding that settlement took place in February), there would have been no need for their testimony. During the hearing, undersigned and Ms. Valencia did have an attorney-client discussion on this issue. In addition, undersigned understands Mr. Valencia speaks only limited English but would be able with assistance of Ms. Valencia to understand and execute settlement terms.

This case has been made more complicated because all of undersigned communications with Ms. Valencia are then translated to Mr. Valencia and the third owner, Cresencio Prado. As an example, undersigned informed Ms. Valencia that all three owners be present at the January 17, 2024 hearing and Ms. Valencia confirmed that all three owners would be present, yet Ms. Prado was not present.

Although undersigned has tried throughout to confirm that all owners understand the issues, undersigned is not confident those communications between and among the owners is always clear and accurate. For those reasons, in November after undersigned took back over the day to day representation in the case, but was not able to get the case "across the finish line", undersigned began to recognize that communication between the owners and undersigned was not always effective. Therefore in November and again in December undersigned explained to Defendants that he intended to withdraw and since that time has made recommendations of alternate counsel to owners. Undersigned has requested the status of hiring counsel from the owners, but has received no response.

Following the hearing on January 17, 2024, the owners informed undersigned that they would be hiring new counsel and undersigned plans to file a motion to withdraw.

Regarding Mr. and Ms. Valencia's departure from the hearing on January 17, 2024, undersigned (and the Valencia's) were under the impression that when judge Price offered her courtroom to the Parties to allow the Parties to discuss settlement if they were interested in doing so. Otherwise, the Parties free to leave. Defendants were very interested in staying and working on settlement and only left when all negotiations had been exhausted and were then leaving for an appointment. Although those settlement negotiations were ultimately not successful, significant progress

was made. More specifically Defendants raised their offer twice and increased their offer nearly 25%. Unfortunately, undersigned regrets that neither attorney Jason Harr nor undersigned were able to get a signed settlement agreement in place.

Regarding Defendants' absence from the hearing in December 2023, undersigned only is aware that Mr. Valencia was undergoing medical treatment. Undersigned has not pursued details of the medical issue and no explanation has been offered by Mr. Valencia.

Defendants suggest that they attended the January 2024 hearing in good faith and looked forward to settling the case. Although undersigned repeated explained all substantive issues in the case to the owners, undersigned regrets that those communication may have not been completely understood by all owners. Any errors by Defendants were wholly unintentional and neither Defendants nor undersigned should be penalized given that the errors were inadvertent and certainly not made to prejudice the Plaintiff nor consume the court's time and resources.

WHEREFORE for the reasons above, Defendants and undersigned respectfully request that the Court not sanction either Defendants or undersigned.

Respectfully submitted,

**/s/ Robert Blanchfield**
Robert Blanchfield, Esq.
Florida Bar No.: 0361800
E-Mail:Robert@BlanchfieldLawFirm.com
BLANCHFIELD LAW OFFICES
3224 S U.S. Hwy 1
Fort Pierce, FL 33982
Telephone: (407) 497-0463
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will manner serve all counsel of record electronically via CM/ECF.

By: /s/ **Robert Blanchfield**