**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

EMMA PAZ,

        Plaintiff,

v.                            Case No:  6:22-cv-834-RBD-LHP

SALSAS OF TITUSVILLE
CORPORATION and JESUS
VALENCIA,

        Defendants

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT AGAINST DEFENDANTS' SALSAS OF TITUSVILLE CORPORATION d/b/a SALSAS COCINA TITUSVILLE a/k/a SALSAS MEXICAN RESTAURANT AND JESUS VALENCIA (Doc. No. 125)**
>
> **FILED:** July 9, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

On June 10, 2024, United States District Judge Roy B. Dalton, Jr. directed the Clerk of Court to enter default against all Defendants and directed Plaintiff to file a motion for default judgment within the time prescribed by Local Rule 1.10(c). Doc. No. 123. The Clerk entered default against Defendants on June 12, 2024. Doc. No. 124. On July 9, 2024, Plaintiff timely filed her motion for default judgment. Doc. No. 125. The motion has since been referred to the undersigned, and the matter is now ripe for review.

Upon consideration of the motion and its attached exhibits, however, the Court finds several deficiencies exist requiring that the motion be denied without prejudice. Though Plaintiff's motion (Doc. No. 125) appears to establish Defendants' liability as to each count of the complaint (Doc. No. 1), Plaintiff provides insufficient detail on her damages calculation such that a renewed motion is necessary. *See Jackson v. Creation Maintenance Inc.*, No. 6:23-cv-38-WWB-LHP, 2024 WL 1494306, at *2 (M.D. Fla. Feb. 21, 2024) ("Unlike well-pleaded allegations of fact, allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages to be awarded . . . Therefore, in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters." (citing *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999); *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003))).

First, though Plaintiff provides a damages calculation for her unpaid overtime wages, Plaintiff provides insufficient legal authority explaining her methodology for calculating her unpaid overtime wages in the manner she suggests. From the motion, it appears that Plaintiff is alleging that she was paid an hourly wage plus tips, and in another portion of her motion, asserts that her tips equated to $1,650.00 per week. Doc. No. 125, at 6–7, 8–11. But Plaintiff nowhere provides any legal authority establishing that employees paid in this manner are also entitled to overtime wages, nor that the manner in which Plaintiff has calculated her overtime wages (using a different hourly rate that appears to coincide with the Florida minimum wage less a "tip credit") is legally permissible. *Compare* Doc. No. 1 ¶¶ 12–13 (stating Plaintiff earned approximately $5.54 per hour working from May 2020 through June 2021 and $6.98 per hour working from December 2021 through March 2022) *with* Doc. No. 125, at 8–10 (calculating Plaintiff's overtime wage rates using at different points the minimum wages of $8.56, $8,65, and $10.00, then reducing those overtime wage rates by a $3.02 "tip credit"). Plaintiff's citation to general legal principles from case law and federal regulations is insufficient to explain her overtime wages calculation. *See* Doc. No. 125, at 5 (noting that "[t]he Department of Labor provides extensive detail on how such overtime is to be paid," and then generally citing to regulations and case authority).

Second, Plaintiff's damages calculation as to her retaliation claim is also insufficient. Plaintiff notes that back pay, including routine overtime, may be awarded as a form of damages for retaliation claims brought under the Fair Labor Standards Act ("FLSA"). Doc. No. 125, at 8 (citing *Persiyantseva v. Saint Petersburg Mkt., LLC*, No. 17-22177-CIV, 2018 WL 3730400, at *6 (S.D. Fla. May 3, 2018), *report and recommendation adopted*, 2018 WL 3730223 (S.D. Fla. May 25, 2018)). However, in making her calculations Plaintiff does not include an award for any unpaid minimum wages, despite previously asserting that she was paid a minimum wage plus tips, and instead claims back pay exclusively in the form of $1,650.00 per week in tips, plus $237.68 in average weekly overtime. Doc. No. 125, at 7–8, 10–11. Plaintiff provides no explanation and no legal authority in support for: (1) why she has foregone any minimum wage in her claim for back pay; (2) why she uses an average weekly overtime amount dating back to May 30, 2020 as part of her back pay for four months of unemployment in 2022; and (3) why she uses the entirety of her weekly tips to calculate her back pay, in apparent contradiction to the wage calculations utilized on her overtime claims.

Third, Plaintiff's attorney's fee request is insufficiently supported. To determine a reasonable attorney's fee under the FLSA, courts utilize the federal lodestar approach. *See Perez v. Carey Int'l, Inc.*, 373 F. App'x 907, 911 (11th Cir.

2010);[1] *Payne v. River Rocks, LLC*, No. 6:15-cv-1727-Orl-40DCI, 2017 WL 976634, at *3 (M.D. Fla. Feb. 22, 2017) (citation omitted) ("The Court uses the familiar 'lodestar' method in determining a reasonable fee award [under the FLSA]."), *report and recommendation adopted*, 2017 WL 960734 (M.D. Fla. Mar. 13, 2017). Plaintiff seeks between $400.00 and $450.00 per hour in attorney's fees for their work litigating this action. Doc. No. 125, at 11–12. Though Plaintiff cites several cases awarding similar fee rates in the FLSA context for attorneys with decades of experience, Plaintiff provides no information on its counsel such that the Court can verify Plaintiff's counsel's requested fee rates are appropriate. *See Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (under the lodestar method, a reasonable hourly rate for an attorney is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation," which a fee applicant must support with evidence that is "more than the affidavit of the attorney performing the work" and that "speak[s] to rates actually billed and paid in similar lawsuits.").

Plaintiff's attorney invoices do not cure this deficiency, as they merely list time entries by employees with initials AS, AT, UL, and RS, without any

---

[1] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. See 11th Cir. R. 36-2.

explanation as to who these employees are. *See* Doc. No. 125-2.  In addition, many of the time entries listed in the billing invoices appear to be for ministerial or clerical tasks, to include uploading documents and calendaring deadlines. *See id.* Plaintiff provides no legal authority even suggesting that such clerical tasks are recoverable either by an attorney or by a paralegal. *See Norman*, 836 F.2d at 1306 ("it is equally true that a fee applicant not entitled to compensation at an attorney's rate simply because an attorney undertook tasks which were mundane, clerical or which did not require the full exercise of an attorney's education and judgment"); *Scelta v. Delicatessen Support Serv., Inc.*, 203 F. Supp. 2d 1328 (M. D. Fla. 2002) ("[T]he efforts of a paralegal are recoverable only to the extent the paralegal performs work traditionally done by an attorney. Where that is not the case, paralegal work is viewed as falling within the category of unrecoverable overhead expenses.").

Fourth, and finally, Plaintiff seeks $4,167.17 in costs, but again provides no legal authority to support the requested costs or their amounts beyond citation to the general legal principle that costs of the action are recoverable under the FLSA. Doc. No. 125, at 12. *See Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1315 (S.D. Fla. 2009) ("The costs recoverable by prevailing plaintiffs in FLSA cases under section 216(b) are limited to those costs enumerated in 28 U.S.C. § 1920.") (citing *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988)).  And other than

conclusory references in the attorney invoices which provide little detail, Plaintiff provides no evidence or receipts to justify the expenses.

Accordingly, Plaintiff's motion for default judgment is **DENIED without prejudice**. Within **thirty (30) days from the date of this Order**, Plaintiff shall file a renewed motion for default judgment with supporting evidence and citation to applicable legal authority to support the requested damages, including fees and costs, and to support the methodology used to calculate same. The renewed motion must be a stand-alone document addressing all issues relevant to default judgment; Plaintiff may not incorporate by reference any previously filed motions or evidence. *See* Local Rule 3.01(f).

In addition, on June 10, 2024, Judge Dalton directed Plaintiff's counsel to meet and confer with Defendants' counsel on the amount of reasonable expenses incurred, including travel expenses and attorney's fees and costs, in preparing for and attending the January 17, 2024 evidentiary hearing. Doc. No. 123, at 2. Judge Dalton further directed Plaintiff's counsel to file a motion with the Court to determine a reasonable amount of these expenses if the parties could not reach agreement. *Id.* As of the date of this Order, Plaintiff's counsel has not notified the Court whether an agreement has been reached, nor filed a motion. Accordingly, **by this same thirty (30) day deadline**, Plaintiff shall also either file a notice with the Court explaining that the parties reached agreement on the amount of expenses to

be paid for the January 17, 2024 evidentiary hearing, or file a motion, with legal authority and evidence in support, such that the Court may determine a reasonable amount of expenses to be awarded jointly and severally as a sanction against Defendants and their attorney.

**DONE** and **ORDERED** in Orlando, Florida on July 31, 2024.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties